1817.

Lancaster.

ZEIGLER *against* FOWLER.

Saturday,
May 31.

IN ERROR.

Where the recognisance given on appeal by defendant, from an award of arbitrators, was only conditioned for the payment of the costs, omitting the debt, but the plaintiff afterwards filed a declaration, the defendant pleaded, issue was joined, and the cause continued on the trial list for several years, it was held that the bail was waved by the plaintiff.

THIS was a writ of error to the Common Pleas of *Lancaster* county. An action was brought by *Fowler* against *Zeigler*, and a rule of reference entered under the " act re- " gulating arbitrations." The arbitrators made an award in favour of the plaintiff. The defendant paid the costs, and entered an appeal within twenty days, according to the pro- visions of the act of assembly. He also entered into a recog- nisance of bail, with sureties, but in taking the recognisance, the prothonotary made a mistake, the condition being only for the payment of additional *costs*, (omitting the *debt*) in case the plaintiff should recover. The appeal having been entered, the plaintiff filed his declaration, *May*, 19th, 1813, the defendant pleaded, and issue was joined, and thus the cause remained until the 28th *August*, 1816, when the Court of Common Pleas dismissed the appeal, because bail had not been entered according to the 14th section of the act of assembly. A motion was made in the Court below, by the plaintiff, for permission to amend the recognisance from the short minutes entered by the prothonotary on the record, or to enter bail *de novo* ; but was overruled by the Court.

*Hopkins*, for the plaintiff in error, contended, that the error was a mere omission of the prothonotary, of which the Court below ought to have allowed an amendment. Mere clerical errors may be amended at any time before judg- ment. 1 *Bac. Ab.* 146. 3 *Black. Com.* 406. 1 *Binn.* 366. The rule, that there must be something to amend by, is not appli- cable to amendments before judgment. *Hard.* 88. But here, after the appeal the plaintiff filed a declaration, put the cause at issue, and continued it on the trial list, from the 19th *May*, 1813, to 28th *August*, 1816. This was a waver of the re- cognisance. 1 *Browne's Rep.* 95.

*Buchanan*, contra.

The recognisance is not conformable to the act of assem-

bly; in which case the entry of the award has the effect of a judgment, and the prothonotary is to issue execution at the request of the party. The security given in this case, is for costs only; the substantial thing, the debt, is omitted. An amendment is not allowable, because it would make the bail answerable for what he never undertook. Besides, there is nothing to amend by. The filing a declaration and other proceedings, cannot give the court jurisdiction. It is well settled, that consent cannot give jurisdiction. 1 *Binn.* 219. 2 *Binn.* 746. And here the effect is precisely the same as if no appeal had ever been entered.

1817.

Zeigler
*v.*
Fowler.

Tilghman C. J. (After stating the case.) It has been contended, on the part of the plaintiff, that the appeal was properly dismissed, because it is provided, in the 11th sect. of the act, that if the bail be not regularly entered, within twenty days after the entry of the award on the docket, it shall be the duty of the prothonotary, at the request of the party in whose favour the award was made, to issue execution, &c. There is no doubt, but that if the bail be not entered according to law, the plaintiff may take advantage of the defect, and the Court of Common Pleas, on motion, will dismiss the appeal. Whether, in this case, the mistake of the prothonotary might not, and ought not, to have been amended, I do not say; because there is better ground, on which the cause may be decided. The bail was intended for the benefit of the plaintiff; and therefore he may wave it, and he has waved it, by filing a declaration, joining issue, and keeping the cause so long under rule for trial. It cannot be thought that this act of assembly meant to insist on the entry of bail, when the parties were willing to dispense with it. The counsel for the plaintiff are wrong, therefore, in supposing, that the Court of Common Pleas had *no jurisdiction*, because bail was not entered—although they are right in saying, that where there is no jurisdiction the consent of the parties cannot give it. I do not recollect an express decision in this Court, that the filing of a declaration, &c. is a waver of bail, under this act of assembly, but I am certain that the principle has been recognised. The case cited from 1 *Browne*, 95, (Common Pleas of *Philadelphia* county,) bears strongly upon the point; and from the reason of the thing, independently of authority, I am satisfied that the law is so.

1817.

ZEIGLER
*v.*
FOWLER.

I am, therefore, of opinion, that the judgment should be reversed, and the record remanded to the Court of Common Pleas, with directions to sustain the appeal, and proceed to the trial of the cause.

GIBSON J. concurred.

DUNCAN J. concurred.

> Judgment reversed, and *record* remanded, with directions to the Court of Common Pleas to sustain the appeal, and proceed to the trial of the cause.